**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**KEVIN DUKES** **CIVIL ACTION NO.**

**VERSUS** **25-623-EWD**

**SUN LIFE ASSURANCE COMPANY OF CANADA**

**RULING AND ORDER**[1]

Before the Court are the following Motions: Plaintiff's Motion to Remand to State Court;[2] Amended Motion to Remand, Motion for Rule 11 Sanctions, and Memorandum in Support;[3] Plaintiff's Motion for Rule 11(b) Sanctions and Memorandum in Support,[4] all filed by Kevin Dukes ("Plaintiff") and Defendant Sun Life Assurance Company of Canada's Rule 12(b)(6) Motion to Dismiss.[5] All motions are fully briefed and oral argument is not necessary. Because Defendant adequately established subject matter jurisdiction and there is no procedural defect in the Notice of Removal, Plaintiff's motions will be denied. Because Plaintiff's claims in this case are governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), Defendant's Motion to Dismiss, which seeks to dismiss any state law claims Plaintiff attempts to assert as preempted by ERISA, will be granted. To the extent pending before this Court, Plaintiff's Motion for Summary Judgment,[6] filed in state court, will be denied because his state law claims are preempted by ERISA and/or fail to state claim.

---

[1] On August 4, 2025, this case was assigned to a magistrate judge for all purposes, including trial, entry of final judgment, and direct review to the United States Fifth Circuit Court of Appeals. *See* R. Docs. 3, 4, 10. Documents in the Court record are referred to as "R. Doc. __."

[2] R. Doc. 6.

[3] R. Doc. 13.

[4] R. Doc. 15.

[5] R. Doc. 14.

[6] R. Doc. 1-1, pp. 3-9.

certified mail # 9589 0710 5270 2540 7311 99

## I. BACKGROUND

This case was removed to this Court from state court on July 16, 2025 by Defendant which alleged subject matter jurisdiction under 28 U.S.C. § 1331 "because plaintiff's claim is for benefits payable under a Group Long-Term ('LTD') Disability Policy No. 901330 issued to Dukes's former employer, IRISNDT Inc., which Policy was issued pursuant to an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001, *et seq.* ('ERISA')."[7] The Notice of Removal also alleged that diversity subject matter jurisdiction exists under 28 U.S.C. §1332, as Plaintiff is domiciled in Louisiana; Defendant is a Canadian corporation with its principal place of business in Massachusetts; and the requisite amount in controversy is established because Plaintiff expressly claims that he is entitled to $725,618.00 in damages, plus penalties and fees under La. R.S. 22:1973 and 22:1892.[8]

## II. LAW AND ANALYSIS

### A. Applicable Law on Subject Matter Jurisdiction

Unlike state district courts, which are courts of general jurisdiction that can hear all types of claims, federal courts may only entertain those cases over which there is federal subject matter jurisdiction. There are two primary ways to establish federal subject matter jurisdiction. First, this Court has subject matter jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States."[9] This Court also has subject matter jurisdiction over civil cases where the amount in controversy is more than $75,000.00, without including interest and costs, and the parties are of completely diverse citizenship (*i.e.*, all plaintiffs are citizens of a different

---

[7] R. Doc. 1, pp. 2-3, ¶ IX.

[8] *See* R. Doc. 1, pp. 2, 4, ¶¶ VII, VIII, XII.

[9] 28 U.S.C. § 1331.

state than all defendants.).[10] A federal court is to presume that a case lies outside its subject matter jurisdiction, and the burden to establish federal subject matter jurisdiction is on the party asserting it (here, Defendant).[11]

**B. Defendant Has Adequately Established Subject Matter Jurisdiction**

Plaintiff argues that, because he only brings claims under state law, Defendant has failed to establish subject matter jurisdiction.[12] Because of this, Plaintiff seeks remand and sanctions.[13] Defendant argues that, although Plaintiff only expressly references state law claims, his claims are preempted by ERISA and any state law claims must be dismissed, such that federal question subject matter exists under 28 U.S.C. § 1331.[14] Defendant alternatively argues that it has also established diversity subject matter jurisdiction under 28 U.S.C. § 1332.[15]

The question of subject matter jurisdiction is easily resolved, and the Court need not consider whether Defendant has adequately pleaded federal question jurisdiction to answer it because Defendant alleged sufficient facts in the Notice of Removal to establish diversity jurisdiction under 28 U.S.C. § 1332. As to diversity jurisdiction, the Notice of Removal states that Plaintiff is domiciled in Louisiana; Defendant is a Canadian corporation with its principal place of business in the United States in Massachusetts; and the requisite amount in controversy is established because Plaintiff asserts in the Petition that he is entitled to $725,618.00 in damages, plus penalties and fees under La. R.S. 22:1973 and 22:1892.[16] Plaintiff does not dispute that his

[10] 28 U.S.C. § 1332.

[11] *Mourning v. U.S. Dept. of State-Visa Office*, 32 Fed.Appx. 130, at *1 (5th Cir. 2002), citing *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001), cert. denied, 534 U.S. 993 (2001).

[12] R. Doc. 6, p. 2; R. Doc. 13, p. 2.

[13] R. Doc. 6; R. Doc. 13; R. Doc. 15.

[14] R. Doc. 11, pp. 4-5.

[15] *Id.* at p. 8.

[16] *See* R. Doc. 1, pp. 2, 4, ¶¶ VII, VIII, XII.

Louisiana citizenship[17] and the amount in controversy[18] are adequately established in the Notice of Removal, but claims Defendant failed to adequately establish that "it is a non-Louisiana party for purposes of § 1332."[19]

The citizenship of a corporation, which is what Defendant is alleged to be, is determined by place of incorporation and principal place of business, and both must be affirmatively alleged.[20] The Notice of Removal states, as follows, regarding Defendant's citizenship: "Defendant, Sun Life Assurance Company of Canada, is a Canadian corporation and has its principal place of business in the United States in Wellesley Hills, Massachusetts."[21] By alleging its place of incorporation and principal place of business in the United States, Defendant sufficiently alleged its own citizenship in the Notice of Removal. In his reply memorandum in support of remand on this issue, Plaintiff merely restates the test for diversity subject matter jurisdiction and then says: "Even if diversity exists, ERISA preemption cannot be used as a backdoor to remove purely state law

---

[17] R. Doc. 6, p. 3. Although Plaintiff alleged that he is a Louisiana resident in the Motion to Remand, he alleged in the Petition that he is domiciled in Louisiana. R. Doc. 1-1, p. 1, introductory paragraph. While allegations of residency alone are not sufficient to establish subject matter jurisdiction, the Notice of Removal states that Plaintiff "is a resident of **and domiciled in** the Parish of East Baton Rouge, State of Louisiana." R. Doc. 1, ¶VII (emphasis added). Domicile is synonymous with citizenship and an allegation of an individual's domicile is sufficient to establish citizenship for purposes of diversity subject matter jurisdiction. *See, e.g., Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996) (citations omitted).

[18] *See* R. Doc. 6, p. 1 ("Plaintiff's original state Petition alleges breach of contract, bad faith denial of benefits, and statutory violations under Louisiana law. The damages sought include $725,618.00, penalties, and interest."); p. 3 ("Though the amount in controversy exceeds, $75,000, diversity jurisdiction fails ….").

[19] R. Doc. 6, p. 3.

[20] *See Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988).

[21] R. Doc. 1, ¶ VIII. Defendant's Diversity Jurisdiction Disclosure Statement Pursuant to Fed. R. Civ. Pro. 7.1 likewise represents that Defendant is a Canadian corporation with its principal place of business in the United States in Massachusetts. R. Doc. 9. To further support the citizenship allegations in the Notice of Removal, Defendant also attaches evidence of its citizenship to its Opposition to Motion to Remand in the form of an Officer's Certificate, executed by the Assistant Vice President and Managing Counsel, Board Governance & Assistant Corporate Secretary of Defendant. According to the Officer's Certificate, Defendant's principal office in the United States is located in Wellesley Hills, Massachusetts. R. Doc. 11-4.

claims. Furthermore, Sun Life has not overcome the presumption against removal where claims are grounded in Louisiana civil law."[22]

In other words, Plaintiff has not plausibly challenged that Defendant adequately established diversity subject matter jurisdiction under 28 U.S.C. § 1332. This is true regardless of whether his state law claims are preempted by ERISA, such that subject matter jurisdiction also exists under 28 U.S.C. § 1331.

**C. Defendant's Notice of Removal Is Not Procedurally Defective**

Plaintiff also argues that the Notice of Removal is procedurally defective because, since Plaintiff did not file an Affidavit of Service, the 30-day removal clock under 28 U.S.C. § 1446(b) had not started, and because the case was removed from state court while there was a dispositive motion pending.[23] Neither of these grounds is a procedural defect that prevents removal in this case.

1. The Notice of Removal Was Timely Filed

Defendant states in the Notice of Removal that it was served on July 9, 2025.[24] The Notice of Removal was filed on July 16, 2025. 28 U.S.C. § 1446(b)(1) provides that "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

---

[22] R. Doc. 12, p. 2.

[23] R. Doc. 6, p. 2; R. Doc. 12, pp. 2-3.

[24] R. Doc. 1, ¶ III.

First, the 30-day removal period in § 1446(b)(1) is triggered by the defendant's receipt of an initial pleading that "affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court."[25] Defendant states that it was served with Plaintiff's Petition on July 9, 2025 and the Petition contains an express prayer for an award of $725,618.00 in damages, plus penalties, interest and court costs.[26] The amount demanded in the Petition is well in excess of the federal jurisdictional minimum. Accordingly, the removal clock under 28 U.S.C. § 1446(b)(1) was triggered by Defendant's receipt, through service, of the Petition regardless of whether Plaintiff had filed an affidavit of service in the state court record. An affidavit of service is not a prerequisite to removal. In fact, some courts have held that, although the removal clock under 28 U.S.C. § 1446(b)(1) does not start to run until a defendant is served with process, a defendant is not even required to wait for service to remove the case from state to federal court.[27]

2. <u>The Fact that a Dispositive Motion Was Pending in State Court is Irrelevant to Whether a Case May Be Removed</u>

Plaintiff also claims that Defendant's Notice of Removal was defective because the case was removed from state court while a dispositive motion was pending. While a defendant can waive the right to remove a case to federal court by filing or noticing dispositive motions for hearing in state court,[28] Defendant did not file the dispositive motion that was pending in state

[25] *See Mumphrey v. CVS Pharmacy, Inc*., 719 F.3d 392, 399 (5th Cir. 2013), quoting *Chapman v. Powermatic, Inc*., 969 F.2d 160, 163 (5th Cir. 1992).

[26] R. Doc. 1-1, p. 2, prayer for relief.

[27] *Hernandes Barron v. Overnight Parts Alliance, LLC*, No. 20-540, 2020 WL 5983896, at *2 (S.D. Miss. Oct. 8, 2020), citing *Delgado v. Shell Oil Co*., 231 F.3d 165, 177 (5th Cir. 2000), cert. denied, 532 U.S. 972 (2001) (service not a prerequisite to removal under the plain language of 28 U.S.C. § 1446(b)); *Thompson v. Deutsche Bank Nat'l Trust Co.*, 775 F.3d 298, 3030 (5th Cir. 2014) (an unserved defendant has the right to remove an action once it learns of the litigation) (collecting cases).

[28] *See, e.g, Strong v. Green Tree Servicing, L.L.C*., 716 Fed.Appx. 259, 263 (5th Cir. 2017) (citation omitted) (right to removal is not lost by participating in state court proceeding short of seeking an adjudication on the merits).

court when this case was removed, Plaintiff did.[29] Additionally, the email correspondence attached to Plaintiff's Amended Motion to Remand,[30] by which Defendant requests an informal extension of time to file responsive pleadings, is not sufficient to constitute waiver.[31]

After removal, the federal court acquires full and exclusive jurisdiction over the case as though it had been originally commenced in the federal court.[32] Therefore, Plaintiff's Motion for Summary Judgment filed before the case was removed from state court does not bar removal.[33]

Because Defendant has adequately established subject matter jurisdiction and there is no defect in the removal procedure, Plaintiff's Motion to Remand to State Court;[34] Amended Motion to Remand, Motion for Rule 11 Sanctions, and Memorandum in Support;[35] and Plaintiff's Motion for Rule 11(b) Sanctions and Memorandum in Support[36] which request remand to state court and sanctions against Defendant for improperly removing the case, will be denied.

---

[29] R. Doc. 1-1, pp. 3-9.

[30] R. Doc. 13-1, pp. 2-3.

[31] *Regan v. Hayes*, 2006 WL 8433849, at *2 (W.D. Tex. Sept. 14, 2006) (collecting cases); *Jacko v. Thorn Americas, Inc*., 121 F. Supp.2d 574, 576 (E.D. Tex. 2000) (even filing an answer or motion for extension of time generally does not constitute waiver of right to remove; such acts do not indicate an intent to litigate the merits of the claim in state court) (citations omitted).

[32] *See Moore v. Interstate Fire Ins. Co.*, 717 F. Supp. 1193, 1195 (S.D. Miss. 1989); *Murray v. Ford Motor Co*., 770 F.2d 461, 464 (5th Cir. 1985) (a federal court takes a case as though everything done in state court had in fact been done in federal court) (citation omitted).

[33] *See, e.g, Hundall v. University of Texas at El Paso*, No. 13-365, 2013 WL 12090353, at *3 (W.D. Tex. Dec. 10, 2013) (rejecting the plaintiff's argument that removal was improper because there were motions pending in state court at the time of removal). To the extent Plaintiff's Motion for Summary Judgment is considering pending in this Court because it was pending in state court at the time of removal, the Motion for Summary Judgment is denied because, as explained below, Plaintiff's claims in the Petition are preempted by ERISA.

[34] R. Doc. 6.

[35] R. Doc. 13.

[36] R. Doc. 15.

### D. Defendant's Motion to Dismiss Will be Granted

#### 1. Standard for Fed. R. Civ. P. 12(b)(6)

In *Bell Atlantic Corp. v. Twombly*,[37] and *Ashcroft v. Iqbal*,[38] the Supreme Court clarified the standard of pleading that a plaintiff must meet to survive a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level."[39] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[40] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[41] It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.' "[42] "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' "[43]

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court "must accept as true all of the factual allegations contained in the complaint."[44] Moreover, the federal pleading rules simply require a "short and plain statement of the claim showing that the pleader is

---

[37] 550 U.S. 544 (2007).

[38] 556 U.S. 662 (2009).

[39] *Twombly*, 550 U.S. at 555.

[40] *Iqbal*, 556 U.S. at 678, *quoting Twombly*, 550 U.S. 544.

[41] *Id.*

[42] *Id.* at 679.

[43] *Id.* at 678 (internal quotation omitted).

[44] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

entitled to relief."[45] Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation,"[46] or "naked assertions [of unlawful conduct] devoid of further factual enhancement."[47] "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[48] If the Court wishes considers other documents, it must convert a motion to dismiss into a Motion for Summary Judgment under Rule 56.[49]

"Summary judgment under Rule 56 is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[50] "If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the nonmoving party to set forth specific facts showing the existence of a genuine issue for trial. The mere allegation of a factual dispute between the parties will not defeat

---

[45] Fed. R. Civ. P. 8(a)(2).

[46] *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

[47] *Iqbal*, 556 U.S. at 678 (internal quotation omitted).

[48] *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007), citing 5B Wright & Miller § 1357 (3d ed. 2004 and Supp. 2007); *see Basic Cap. Mgmt., Inc. v. Dynex Cap., Inc.*, 976 F.3d 585, 589 (5th Cir. 2020) ("Federal Rule of Evidence 201 allows a district court to take judicial notice of a 'fact that is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.' Fed. R. Evid. 201(b). The district court may 'take judicial notice at *any* stage of the proceeding.' Fed. R. Evid. 201(d) (emphasis added). And if there remained any doubt about whether 'any stage of the proceeding' included the motion-to-dismiss stage, our precedents have resolved that doubt, explaining that '[w]hen reviewing a motion to dismiss, a district court must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" (internal quotation omitted) (citations omitted)); *see also* 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (4th ed. 2025) ("However, courts resolving Rule 12(b)(6) motions may consider matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned without converting the motion into one for summary judgment under Rule 12(d)." (citations omitted)).

[49] Fed. R. Civ. P. 12(d).

[50] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

an otherwise properly supported motion for summary judgment."[51] The Court "need consider only the cited materials, but it may consider other materials in the record."[52]

2. <u>Plaintiff's State Law Claims Are Preempted by ERISA</u>[53]

In its Motion to Dismiss, Defendant seeks dismissal of any state law claims in this case as preempted by ERISA.[54] There are two types of ERISA preemption: complete preemption under ERISA § 502, 29 U.S.C. § 1132(a), and conflict (or "express") preemption under ERISA § 514, 29 U.S.C. § 1144(a).[55] The United States Fifth Circuit Court of Appeals, which opinions bind this Court, has described the distinction between complete and conflict preemption as follows:

> ERISA may occupy a particular field, which results in complete preemption under 29 U.S.C. § 1132(a). Section 502 [1132(a)], by providing a civil enforcement cause of action, completely preempts any state cause of action seeking the same relief, regardless of how artfully pleaded as a state action. Complete preemption permits removal to federal court because the cause of action arises under federal law....
>
> In contrast, ERISA preempts a state law action under 29 U.S.C. § 1144(a) when it conflicts with the state law. Conflict preemption does not allow removal to federal court but is an affirmative defense

---

[51] *Good Stephens v. The Travelers*, No. 93-2429, 1994 WL 558785, at *1 (5th Cir. 1994) (internal citations omitted).

[52] Fed. R. Civ. P. 56(c)(3).

[53] Because ERISA completely preempts any viable claims Plaintiff may have in this case, federal question subject matter jurisdiction has also been adequately established under 28 U.S.C. § 1331, which is another basis to deny Plaintiff's motion seeking remand to state court and sanctions related to removal.

[54] The Court will convert the Motion to Dismiss into a Motion for Summary Judgment. *See Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1284 (5th Cir. 1990) ("Rule 56(c) requires that the nonmovant have 10 days within which to respond to a motion for summary judgment. However, [u]nder Rule 56 it is not necessary that the district court give ten days' notice after it decides to treat a Rule 12(b)(6) motion as one for summary judgment, but rather after the parties receive notice that the court could properly treat such a motion as one for summary judgment because it has accepted for consideration on the motion matters outside the pleadings, the parties must have at least ten days before judgment is rendered in which to submit additional evidence." (citation omitted)). In *Washington*, the court held that the 10 days to submit additional evidence would have started at the latest from the day Plaintiff submitted matters outside of the pleadings for consideration in his opposition to the motion to dismiss. *Id.* Plaintiff submitted matters outside of the pleadings with his opposition to Defendant's Rule 12(b)(6) Motion to Dismiss and Motion to Remand more than 10 days ago. R. Doc. 16-4; R. Doc. 16-5, pp. 8-12 (Notice of Removal). A Notice of Removal is not a pleading under Fed. R. Civ. P. 7. Therefore, Plaintiff has notice that matters outside of the pleadings may be considered and the Court may convert the Motion to Dismiss under 12(b)(6) into a Motion for Summary Judgment without additional notice.

[55] *See Ellis v. Liberty Life Assur. Co. of Boston*, 394 F.3d 262, 275 n. 34 (5th Cir. 2004).

> against claims that are not completely preempted under Section 1132(a).[56]

"ERISA § 514(a) expressly preempts all state laws that 'relate to' any employee benefit plan, and § 502(a) allows a plan participant or beneficiary to recover benefits under the ERISA plan. If a party could sue under § 502(a), and if there is no independent legal basis for recovery separate and apart from the ERISA plan, the state law cause of action is completely preempted by ERISA."[57] "A legal duty is not independent of the ERISA plan if it 'derives entirely from the particular rights and obligations established by ERISA benefit plans.'"[58]

In his Petition for Damages – Bad Faith Denial of Benefits and Contract Breach Plaintiff alleges the following: he was seriously injured in a car accident in 2018 which rendered him "medically disabled and unable to maintain gainful employment"[59]; after the accident, Plaintiff submitted a claim under his long-term disability policy issued by Defendant[60]; Plaintiff sent Defendant a formal written request for a settlement offer to close out his disability claim on December 18, 2024 with a 21-day deadline to respond[61]; Defendant did not respond to Plaintiff's December 18, 2024 request within the 21-day period[62]; Plaintiff seeks $725,618 in damages, legal interest, as well as bad faith damages under La. R.S. 22:1973 and 22:1892.[63]

---

[56] *Ellis*, 394 F.3d at 275 n. 34 (cleaned up).

[57] *Tenet Healthcare Ltd. v. Unicare Health Plans of Texas, Inc*., No. 07-3534, 2007 WL 4562872, at *1 (S.D. Tex. Dec. 21, 2007), citing *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209-10 (2004) (internal citations omitted).

[58] *Id.*, at *1, quoting *St. Luke's Episcopal Hosp. v. Acordia Nat'l*, 2006 WL 3093132, at *11 (S.D. Tex. 2006); *see also Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 62–63 (1987) ("Moreover, as a suit by a beneficiary to recover benefits from a covered plan, it falls directly under § 502(a)(1)(B) of ERISA, which provides an exclusive federal cause of action for resolution of such disputes. *Id..,* at 56, 107 S.Ct. at ___.").

[59] R. Doc. 1-1, ¶ III.

[60] R. Doc. 1-1, ¶ IV.

[61] R. Doc. 1-1, ¶ VI.

[62] R. Doc. 1-1, ¶ VII.

[63] R. Doc. 1-1, ¶¶ IX and prayer for relief.

Plaintiff's breach of contract claim is completely preempted by ERISA. Plaintiff seeks benefits from Defendant under a long-term disability insurance policy and/or alleges that Defendant failed to properly pay a claim.[64] In converting the Motion to Dismiss into a Motion for Summary Judgment, the Court will consider the policy (No. 901330-001) that Plaintiff made his claim under and the letters associated with Plaintiff's claim, which are attached to Defendant's opposition to Plaintiff's Motion to Remand and which are cited to in Defendant's Motion to Dismiss.[65] The long-term disability policy was issued to IRISNDT Inc. (alleged to be Plaintiff's former employer), includes health and long-term disability benefits, and specifically references

[64] Plaintiff's claim of implied acceptance of a settlement agreement under La. Civil Code Article 1942 (R. Doc. 1-1, ¶ VIII), to the extent he asserts it, is also preempted as it derives entirely from the rights Plaintiff has under the ERISA benefit plan. *See Martin v. Prudential Ins. Co. of America,* 776 F.Supp. 1172, 1180 (S.D. Miss. May 7, 1991) (noting that the plaintiff's state law claims for tortious breach of contract, breach of fiduciary duty, **unfair settlement practices**, fraud in the inducement, and violation of public policy were preempted by ERISA); *Fayo v. Fidelity Sec. Life Ins. Co*., No. 07-212, 2008 WL 11429554, at *1 (N.D. Tex. March 4, 2008) (noting that remand was denied where plaintiff's claims were premised on a settlement of his right to receive benefits under an ERISA plan; the court rejected the plaintiff's argument that the settlement gave rise to purely state law claims).

[65] R. Docs. 11, 11-2, 11-3; R. Doc. 14-1, p. 2, n. 6, 7. Defendant attaches a sworn declaration pursuant to 28 U.SC. § 1746, declaring under penalty of perjury that R. Doc. 11-2 (Exhibit A-1) and R. Doc. 11-3 (Exhibit A-2) are true and correct copies of the Plaintiff's correspondence regarding his disability claim and the Group Insurance Policy issued by Defendant to Dukes's former employer, IRISNDT Inc., which is the policy Dukes filed a claim under. R. Doc. 11-1. The Declaration is issued and signed by Steven J. Leask, who states that he has personal knowledge of the facts in the Declaration and states that he is in the custodian of the records of group insurance policies, including the policy at issue in this case (No. 901330-001) and the claim filed by Plaintiff. R. Doc. 11-1, p. 1; *see also* R. Doc. 1-1, ¶ IV ("Plaintiff submitted a claim under his long-term disability policy issued by Defendant"), ¶ V ("Petitioner is a claimant under Sun Life claim number 200918-08563, related to his long-term disability."). The Court may properly consider Leask Declaration on a Motion for Summary Judgment under Fed. R. Civ. P. 56(c)(4). The Court notes that Plaintiff states the claim number as 200918-08563 in the Petition, but Sun Life's correspondence related to the claim under the policy at issue lists the claim number as 200918-05863. The distinction seems to be a mere juxtaposition of numbers as the claim involves Dukes and Sun Life and a letter from Dukes to Sun Life references the claim number as 200918-05863. *See* R. Doc. 1-1, p. 1; R. Doc. 11-1; R. Doc. 11-2, p. 1; R. Doc. 11-3. In any event, the documentation shows that long-term disability claims filed under Policy No. 901330-001, the policy at issue in this case, are governed by ERISA.

ERISA preemption when applicable.[66] The long-term disability policy is an employee benefit plan governed by ERISA.[67]

Plaintiff's disability claim was made under the employee benefit plan issued to his employer, and in appealing a denial of benefits, Plaintiff and his former attorney both recognized that the plan was governed by ERISA.[68] Before Defendant introduced this evidence, Plaintiff stated that "no ERISA-covered plan is alleged" and maintained that Defendant had not met its burden to establish that the policy qualified as an employer-sponsored benefit plan.[69] However, once Defendant introduced evidence that the plan was covered by ERISA, Plaintiff only argued that his claims are independent of the plan, not that there was no ERISA plan.[70]

[66] R. Doc. 11-3, p. 1 (issuing the policy to IRISNDT Inc.); p. 35 ("This Policy is delivered in and governed by the laws of the Issue State shown above, unless otherwise preempted by the federal Employee Retirement Income Security Act ('ERISA'), where applicable"); p. 33 ("As a participant in the Plan, you are entitled to certain rights and protections under the Employee Retirement Income Security Act of 1974 (ERISA). ERISA provides that all plan participants shall be entitled to: ….").

[67] *See Coffman v. Guarantee Life Ins. Co.*, No. 99-3736, 2000 WL 798473, at *1 (E.D. La. June 21, 2000). In *Coffman*, the court evaluated long-term disability benefits under a health and accident policy obtained by the claimant through his employment as an employee benefit plan under ERISA. "Under ERISA, federal courts are empowered to review determinations regarding employee benefit plans, including health care plans." *Id.* An employee benefit plan is defined in part as an employee welfare benefit plan. 29 U.S.C. § 1002(3). An employee welfare benefit plan is defined as "any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer… to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, …." 29 U.S.C. § 1002(1). Therefore, the long-term disability policy issued to Plaintiff's employer is an employee benefit plan under ERISA and ERISA complete preemption is applicable.

[68] *See* R. Doc. 11-2, p. 2 (In a letter from Plaintiff to Defendant regarding denial of benefits, Plaintiff states "Violation of Rights under ERISA: Under ERISA, Section 502(a) … I am entitled to enforce my rights under the terms of the plan [Defendant's] actions, including the misrepresentation of policy terms and the withholding of benefits, violated the procedural standards mandated by ERISA."), p. 2 (demanding compliance with ERISA provisions), p. 3 (demanding timely resolution "in accordance with ERISA guidelines"), and pp. 4-6 (requesting documents under ERISA related to the plan Plaintiff filed his claim under).

[69] R. Doc. 6, p. 2.

[70] R. Doc. 12, pp. 1-2; *see also* R. Doc. 16, p. 2 ("Plaintiff's claims are based on independent Louisiana duties" (emphasis in original)).

The long-term disability policy and claim filed by Plaintiff are governed by ERISA; therefore, if there is no dispute as to a material fact that ERISA preempts Plaintiff's state law claims, Defendant is entitled to judgment as a matter of law.

Courts have found preemption of state law claims if "(1) the claim addresses areas of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan, and (2) the claim directly affects the relationship among the traditional ERISA entities (*i.e.,* plan administrators/fiduciaries and plan participants/beneficiaries)."[71] Because Plaintiff's breach of contract claim arises out of the right to receive benefits under the long-term disability policy (an ERISA plan), this claim is preempted by ERISA.

Plaintiff's claims under the Louisiana Insurance Code are similarly preempted.[72] La. R.S. 22:1973 (now repealed) allows an injured party to recover from an insurer the greater of two times the injured party's damages or $5,000. By contrast, the civil enforcement provision of ERISA does not permit an injured party to collect multiple or punitive damages. "Any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore preempted."[73] Additionally, by their terms neither La. R.S. 22:1973 or La. R.S. 22:1892 apply to adjustment of

---

[71] *Hook v. Morrison Milling Co*., 38 F.3d 776, 781 (5th Cir. 1994) (citations omitted). Although Plaintiff cites *Hook* in his opposition to the Motion to Dismiss (R. Doc. 16, p. 2) because there the court ultimately concluded that the plaintiff's claims were not preempted by ERISA, in *Hook* the plaintiff was not seeking benefits under the plan nor alleging that her employer had improperly processed a claim for benefits. *See Hook*, 38 F.3d at 785 (noting that "numerous federal district courts in Texas have concluded that a tort claim alleging an unsafe workplace does not relate to an ERISA plan"). Here, Plaintiff is seeking benefits under the plan and/or claiming that Defendant improperly failed to pay benefits, distinguishing this case from *Hook*. *See also Ellis*, 394 F.3d at 269 (noting that "ERISA's preemptive power recharacterized [the plaintiff's] state-law breach of contract claim" as an ERISA claim).

[72] *See Peifer v. Reliance Standard Ins. Co*., No. 18-6755, 2018 WL 6435891, at *4 (E.D. La. Dec. 6, 2018). Claims under the Louisiana Insurance Code would necessarily implicate the insurance policy, which is why they cannot arise independently.

[73] *La. Health Serv. Indem. Co. v. Rapides Healthcare Sys*., 461 F.3d 529, 534 (5th Cir. 2006) (citations omitted).

claims for life or health and accident policies.[74] Plaintiff's claim under a long-term disability policy would be excluded from coverage under these provisions of Louisiana law regardless of ERISA.

3. Plaintiff Fails to State a Claim Under State Law

As correctly pointed out by Defendant, Plaintiff also fails to state a claim under state law, even if his claims are not preempted by ERISA.[75] First, regarding his breach of contract claim, Plaintiff does not state what specific provision of the contract is alleged to have been breached. This is fatal to a breach of contract claim,[76] which would also be preempted by ERISA, as noted above.

Defendant is also correct, as noted above, that La. R.S. 22:1892 by its own terms does not apply to life and health and accident policies such as Plaintiff's long-term disability policy at issue in this case, and that 22:1973 was repealed effective July 1, 2024, before Plaintiff filed his Petition.[77] However, La. R.S. 22:1821(A) provides that claims (other than those for accidental death) under health and accident insurance policies issued in Louisiana must be paid within thirty days from the date the insurer receives written notice and proof of clam unless just and reasonable grounds exist. Failure to comply subjects the insurer to a penalty of double the amount of the health

---

[74] *See McNealy v. Becnel*, 2016 WL 6807395, at *4 (E.D. La. Nov. 17, 2016) (dismissing the plaintiff's claims under 22:1892 because that provision is not applicable to claims made under health and accident policies); *see also Candies Shipbuilders, LLC v. Westport Ins. Corp*., No. 15-1798, 2016 WL 614694, at *4 (E.D. La. Feb. 16, 2016) ("As a matter of law, a health and accident policy is not subject either to Section 1892, which applies only to those insurers who issue 'policies other than life and health and accident policies,' id., § 22:1892 (emphasis added) or to Section 1973, which 'shall not be applicable to claims made under health and accident insurance policies.' *Id.* § 22:1973(D) (emphasis added).") A long-term disability policy is a health and accident policy. *See Coffman,* 2000 WL 798473, at *1 (E.D. La. June 21, 2000) (noting that the plaintiff brought suit to recover long-term disability benefits under a health an accident policy he obtained through his employment).

[75] *See* R. Doc. 14-1, pp. 9-12. The Court need not consider summary judgment-type evidence in addressing the failure to state a claim under state law.

[76] *Dorsett Properties, LLC v. New Rez, LLC*, 2022 WL 17072282 (W.D. La. Nov. 16, 2022) ("Where a plaintiff fails to point a provision of the contract that the opposing party breached, the breach of contract claim fails as a matter of law.") (citing *Bergeron v. Pan Am. Assur. Co*., 731 So.2d 1037, 1045 (La.App. 4 Cir. 4/7/99).

[77] *See* R. Doc. 14-1, pp. 13-14.

and accident benefits due, plus attorney fees.[78] Plaintiff is representing himself, so his pleadings are held to less stringent standards that those drafted by lawyers.[79] While Plaintiff could potentially state a claim under La. R.S. 22:1821, any claim under this provision is preempted by ERISA because it is a "state law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy."[80] In other words, Plaintiff's claim for additional damages under the Louisiana Insurance Code, even if alleged under the correct provision, would be preempted and, therefore, subject to dismissal.

Finally, to the extent Plaintiff asserts a claim under La. Civ. Code art. 1942,[81] that claim also fails as Plaintiff has not alleged adequate facts regarding any offer that was allegedly made to Defendant to settle his claims, nor are there any facts by which to unequivocally conclude that a settlement with Defendant had been reached.[82] As noted, above, a claim for unfair insurance settlement practices would also be preempted by ERISA.[83]

Because any of these state law claims would be preempted by ERISA, even if adequately alleged, Plaintiff will not be given further leave to amend to attempt to better assert the state law claims.[84]

---

[78] La. R.S. 22:1821(A).

[79] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("A document filed *pro se* is 'to be liberally construed.' … and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'").

[80] *La. Health Serv. Indem. Co.*, 461 F.3d at 534 (citations omitted).

[81] R. Doc. 1-1, ¶ VIII.

[82] *Ill. Cent. Gulf R. Co. v. Int'l Harvester Co*, 368 So.2d 1009, 1012 (La. 1979) ("[E]xcept in instances where statutory law creates a legal presumption, the mere silence of an offeree should not, in principle, be considered as involving acceptance on his part. His consent can result from silence, however, when combined with other facts or acts so as to imply or indicate his consent unequivocally.").

[83] *See Martin*, 776 F. Supp. 1172 at 1180 (noting that the plaintiff's state law claims including for unfair settlement practices was preempted by ERISA).

[84] *Wiggins v. Louisiana State University—Health Care Services Division*, 710 Fed.Appx. 625, 627 (5th Cir. 2017 December 9, 2025) (though ordinarily a pro se litigant should be offered an opportunity to amend his complaint before

## III. Conclusion

As Defendant adequately established subject matter jurisdiction and there is no procedural defect in the Notice of Removal, Plaintiff's motions seeking remand and sanctions for removal will be denied. Because Plaintiff's claims in this case are governed by ERISA, Defendant's Motion to Dismiss, which seeks to dismiss any state law claims Plaintiff attempts to assert as preempted by ERISA, will be granted. To the extent pending before this Court, Plaintiff's Motion for Summary Judgment,[85] filed in state court, will be denied because his state law claims are preempted by ERISA and/or fail to state a claim.

Therefore,

**IT IS ORDERED** that the Plaintiff's Motion to Remand to State Court;[86] Amended Motion to Remand, Motion for Rule 11 Sanctions, and Memorandum in Support;[87] Plaintiff's Motion for Rule 11(b) Sanctions and Memorandum in Support,[88] filed by Kevin Dukes, are **DENIED**. Defendant adequately established subject matter jurisdiction and there is no procedural defect in the removal proceedings.

**IT IS FURTHER ORDERED** that Defendant Sun Life Assurance Company of Canada's Rule 12(b)(6) Motion to Dismiss[89] is **GRANTED**. All of Plaintiff's state law claims in this case are preempted by ERISA. As this case will proceed under ERISA, an ERISA scheduling conference order will be issued.

---

it is dismissed, granting leave to amend is not necessary if the plaintiff has already pleaded her best case or if an amendment would be futile).

[85] R. Doc. 1-1, pp. 3-9.

[86] R. Doc. 6.

[87] R. Doc. 13.

[88] R. Doc. 15.

[89] R. Doc. 14.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment,[90] filed in state court, is denied because all state law claims are preempted by ERISA and/or fail to state claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that the Clerk of Court shall transmit this Ruling and Order to Plaintiff Kevin Dukes by regular mail and by certified mail, return receipt requested to the address on PACER.

Signed in Baton Rouge, Louisiana, on December 9, 2025.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

[90] R. Doc. 1-1, pp. 3-9.