**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **KEVIN DUKES** | **CIVIL ACTION NO.** |
| **VERSUS** | **25-623-EWD** |
| **SUN LIFE ASSURANCE COMPANY OF CANADA** | **CONSENT** |

**RULING AND ORDER**[1]

Before the Court are the following Motions: "Plaintiff's Memorandum in Support of Motion for Reconsideration and for Leave to File First Amended Complaint" ("Motion for Leave to Amend");[2] "Plaintiff's Jurisdiction-First Motion for Determination of Subject-Matter Jurisdiction;"[3] and "Plaintiff's Motion for Limited Jurisdictional Discovery,"[4] all filed by Kevin Dukes ("Plaintiff"). Sun Life Assurance Company of Canada ("Defendant") opposes all three motions.[5] All motions are fully briefed, and oral argument is not necessary. Because, as the Court has previously held, Defendant has adequately established this Court's subject matter-jurisdiction, Plaintiff's Motion for Determination of Subject-Matter Jurisdiction and Motion for Limited Jurisdictional Discovery will be denied. Plaintiff's Motion for Leave to Amend will be granted in part only insofar as it seeks to specifically assert Plaintiff's ERISA claim under § 502(a)(1)(B). The Motion for Leave to Amend will be denied in all other respects.

---

[1] On August 4, 2025, this case was assigned to the undersigned for all purposes, including trial, final entry of judgment and direct review by the Fifth Circuit Court of Appeals pursuant to General Order 2024-02 and Federal Rule of Civil Procedure 73. After notice, no party declined consent. Therefore, this Ruling and Order is issued under 28 U.S.C. § 636(c). R. Docs. 3, 4, 10. References to all documents filed in electronic case record are designated as "R. Doc. __."

[2] R. Doc. 25.

[3] R. Doc. 29. Plaintiff filed a memorandum in support separately at R. Doc. 30.

[4] R. Doc. 31.

[5] R. Docs. 28, 32.

Certified Mail: 9589 0710 5270 3967 3650 59

## I. BACKGROUND

Defendant removed this case from Louisiana state court to this Court on July 16, 2025, alleging subject matter jurisdiction under 28 U.S.C. § 1331 "because plaintiff's claim is for benefits payable under a Group Long-Term ('LTD') Disability Policy No. 901330 issued to [Plaintiff's] former employer, IRISNDT Inc., which Policy was issued pursuant to an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001, *et seq.* ('ERISA')."[6] The Notice of Removal also alleged that diversity subject matter jurisdiction exists under 28 U.S.C. §1332, as Plaintiff is domiciled in Louisiana; Defendant is a Canadian corporation with its principal place of business in Massachusetts; and the requisite amount in controversy is established because Plaintiff expressly claimed entitlement to $725,618.00 in damages, plus penalties and fees under certain Louisiana statutes.[7]

Plaintiff previously filed Motions to Remand[8] and a Motion for Sanctions,[9] which the Court denied as Defendant adequately established the Court's subject matter jurisdiction.[10] Defendant also previously filed a Motion to Dismiss,[11] which the Court granted, dismissing Plaintiff's state law claims as they were preempted by ERISA.[12] Despite the Court's previous ruling and Plaintiff's statement in his Motion for Leave to Amend that he is not seeking to challenge the Court's ERISA

---

[6] R. Doc. 1, pp. 2-3, ¶ IX.

[7] *See* R. Doc. 1, pp. 2, 4, ¶¶ VII, VIII, XII.

[8] R. Docs. 6, 13.

[9] R. Doc. 15.

[10] R. Doc. 23.

[11] R. Doc. 14.

[12] R. Doc. 23.

preemption ruling,[13] and request to amend to specifically assert ERISA claims, Plaintiff continues to question this Court's jurisdiction over the case.[14]

## II. LAW AND ANALYSIS

### A. Applicable Law on Subject Matter Jurisdiction

Unlike state district courts, which are courts of general jurisdiction that can hear all types of claims, federal courts may only entertain those cases over which there is federal subject matter jurisdiction. There are two primary ways to establish federal subject matter jurisdiction. First, this Court has subject matter jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States."[15] This Court also has subject matter jurisdiction over civil cases where the amount in controversy is more than $75,000.00, without including interest and costs, and the parties are of completely diverse citizenship (*i.e.*, all plaintiffs are citizens of a different state than all defendants.).[16] A federal court is to presume that a case lies outside its subject matter jurisdiction, and the burden to establish federal subject matter jurisdiction is on the party asserting it (here, Defendant).[17]

---

[13] R. Doc. 25, p. 1 ("Plaintiff does **not** ask the Court to revisit its ERISA preemption ruling in this motion; for present purposes, he accepts that the dispute must be litigated under ERISA and seeks only the opportunity to conform his pleadings to that framework.") (emphasis in original).

[14] R. Docs. 29-31.

[15] 28 U.S.C. § 1331.

[16] 28 U.S.C. § 1332.

[17] *Mourning v. U.S. Dept. of State-Visa Office*, 32 Fed.Appx. 130, at *1 (5th Cir. 2002), citing *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001), cert. denied, 534 U.S. 993 (2001).

**B. Plaintiff's Jurisdiction-First Motion for Determination of Subject-Matter Jurisdiction[18] and Motion for Limited Jurisdictional Discovery[19] Will Be Denied As Defendant Has Adequately Established Subject Matter Jurisdiction**

Plaintiff argues in his Jurisdiction-First Motion for Determination of Subject-Matter Jurisdiction that "Defendant has not filed a motion to dismiss or a motion for summary judgment" and "Subject-matter jurisdiction has not yet been affirmatively established by the Court."[20] Plaintiff further lists the requirements of an ERISA claim, arguing that Plaintiff has not adequately established jurisdiction.[21] Plaintiff's arguments are without merit. While Plaintiff's Jurisdiction-First Motion for Determination of Subject-Matter Jurisdiction and Motion for Jurisdictional Discovery both seem to challenge the applicability of ERISA to this case, that determination is irrelevant as the Court also has diversity subject matter jurisdiction for the reasons explained in the December 10, 2025 Ruling and Order.[22] Additionally, Plaintiff's arguments in these motions is inconsistent with his own actions, as he filed the Motion for Determination of Subject Matter Jurisdiction after filing a Motion for Leave to Amend to expressly assert claims under ERISA.[23]

The Court finds no reason to revisit its prior determination that it may properly exercise subject matter jurisdiction over this case. Therefore, Plaintiff's Jurisdiction-First Motion for Determination of Subject-Matter Jurisdiction[24] will be denied. Plaintiff's Motion for Limited Jurisdictional Discovery,[25] which seeks the Long-Term Disability Policy, Plan Description, and

---

[18] R. Doc. 29.

[19] R. Doc. 31.

[20] R. Doc. 29, p. 2.

[21] *Id.* at p. 3.

[22] R. Doc. 23, pp. 3-5.

[23] R. Doc. 25-1, p. 1, ¶ 3. Though not controlling, Plaintiff's proposed First Amended Complaint for ERISA Benefits and Equitable Relief ("Amended Complaint") specifically alleges federal question subject matter jurisdiction under ERISA. *Id.* at p. 2, ¶ 5.

[24] R. Doc. 29.

[25] R. Doc. 31.

other documents will also be denied. Any jurisdictional discovery is unnecessary. The parties will have the opportunity to conduct limited discovery based on the Court's ERISA Case Management Order ("CMO") that is issued contemporaneously with this Ruling and Order. Under the CMO, Defendant is specifically ordered to file into the record a complete copy of the employee benefit plan, summary plan description, and the administrative record concerning Plaintiff's claim for benefits, so Plaintiff does not need to request this information.

### C. Plaintiff's Motion for Leave to Amend[26] Will Be Granted in Part and Denied in Part

In his Motion for Leave to Amend, Plaintiff requests "**limited reconsideration** under Rule 54(b) and **leave to amend** under Rule 15(a)(2) so that he may assert a properly framed ERISA claim under **29 U.S.C. § 1332(a)**."[27] He further states that he "does **not** ask the Court to revisit its ERISA preemption ruling in this motion; for present purposes, he accepts that the dispute must be litigated under ERISA and seeks only the opportunity to conform his pleadings to that framework."[28] Plaintiff further contends that his Amended Complaint, attached to the Motion for Leave to Amend, seeks only to organize the facts of the case within an ERISA framework.[29]

#### *1. Plaintiff does not technically seek reconsideration*

Plaintiff says he seeks "reconsideration" only to the extent the Court's December 10, 2025 Ruling and Order denies any opportunity to amend, so that he can clarify his ERISA claims.[30] In its December 10, 2025 Ruling and Order, the Court held that "Because any of these state law claims

[26] R. Doc. 25.

[27] R. Doc. 25, p. 1. (emphasis in original).

[28] *Id.* (emphasis in original). Plaintiff also states that he does "not ask the Court to revisit its conclusions regarding diversity jurisdiction, removal, or ERISA preemption." *Id.* at p. 7. Plaintiff further notes that he still believes his general contractual good faith and certain claims-handling obligations are independent of ERISA and not completely preempted but does not challenge those rulings in the Motion for Leave. *Id.* at p. 2.

[29] *Id.* at p. 4.

[30] *Id*. at p. 7.

would be preempted by ERISA, even if adequately alleged, Plaintiff will not be given further leave to amend to attempt to better assert the state law claims."[31] If Plaintiff only seeks to amend to more clearly assert ERISA claims, the amendment is not violative of the Court's prior Order, which only states that Plaintiff will not be given further leave to amend to attempt to assert the state law claims. Therefore, the Court will only consider Plaintiff's request to amend as it pertains to his ERISA claims as he does not actually ask the Court to reconsider any part of its December 10, 2025 Ruling and Order.

2. *Leave to amend will be granted in part*

As a scheduling order has not yet been issued, Plaintiff's request for leave to amend falls under Federal Rule of Civil Procedure 15(a)(2). That rule provides that the Court "should freely give leave when justice so requires." A court should consider the following five factors to determine whether to grant a party leave to amend a complaint under Rule 15: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of the amendment.[32]

Based on the allegations in his original Petition for Damages – Bad Faith Denial of Benefits and Breach of Contract ("Petition"), the Court concluded that Plaintiff sought damages under a long-term disability ("LTD") policy and that his claims were governed by ERISA, although the Petition did not expressly reference ERISA.[33] Now, considering the Court's prior Ruling and Order, Plaintiff seeks to amend to expressly assert ERISA claims under 29 U.S.C. § 1132(a)(1)(B) (also known as § 502(a)(1)(B)) and 29 U.S.C. § 1132(a)(3) (also known as § 502(a)(3)).[34] Plaintiff

---

[31] R. Doc. 23, p. 16.

[32] *Smith v. EMC Corp*, 393 F.3d 590, 595 (5th Cir. 2004), citing *Foman v. Davis*, 371 U.S. 178, 182 (1962) (other citations omitted).

[33] R. Doc. 1-1, pp. 1-2.

[34] *See* R. Doc. 25-1.

also argues that the proposed amendment abandons any state law claims dismissed by the Court and adds specific allegations regarding Plaintiff's ERISA claims.[35]

In opposition, Defendant argues that Plaintiff should not be permitted to amend his claims because the Amended Complaint (1) improperly attempts to reassert Plaintiff's state law breach of contract claim regarding an alleged settlement proposal, (2) improperly attempts to assert a claim under § 502(a)(3) that is unsupported by applicable law, and (3) seeks to bring this claim in bad faith or with a dilatory motive "as he has demonstrated a propensity to be unduly litigious by asserting unsupported claims in this action."[36]

To the extent Plaintiff seeks to amend to expressly assert an ERISA claim under § 502(a)(1)(B), the amendment will be permitted. The balance of the Rule 15 factors favor this amendment. First, Plaintiff filed the Motion for Leave to Amend less than a month after the Court issued its Ruling and Order dismissing Plaintiff's state law claims as preempted by ERISA and there are no scheduling order deadlines currently in place.[37] As Defendant correctly notes, this case will proceed under an ERISA scheduling order, which will require submission of the administrative record.[38] Though Defendant contends the submission of the administrative record is a reason not to allow amendment because all the facts will be in the record, that is not a sufficient reason to refuse amendment. Defendant's contention that Plaintiff "seeks to re-cast his state law claims for breach of contract as claims asserted under ERISA" is not given much weight as the Court has already dismissed those claims with prejudice and will not allow Plaintiff to pursue those claims.[39]

---

[35] R. Doc. 25, pp. 5-6.

[36] R. Doc. 28, pp. 7-17.

[37] R. Docs. 23, 25.

[38] R. Doc. 28, pp. 6-7, 13.

[39] R. Doc. 28, p. 11; *see also* R. Doc. 23.

Further Plaintiff has acknowledged that he is not permitted to pursue the state law claims in this Court.[40] While Plaintiff's motive for originally filing the Petition that fails to mention ERISA does seem like gamesmanship under the circumstances, Plaintiff seemingly accepts that ERISA will now govern the case and seeks to make that clear on the face of the pleadings. Therefore, the amendment to expressly state the § 502(a)(1)(B) claim does not appear to be made in bad faith or with dilatory motive. Additionally, Plaintiff has not previously sought leave to amend in this case. The Court finds no undue prejudice to Defendant at this early stage in the proceedings, particularly with regard to leave to amend to assert a § 502(a)(1)(B) claim, which was the basis of Defendant's removal of the case to this Court and opposition to remand.[41]

Finally, Defendant asserts that the proposed amendment should not be permitted to the extent Plaintiff seeks to add an equitable claim under § 502(a)(3) because that claim is futile as it is barred by Plaintiff's assertion of a § 502(a)(1)(B) claim.[42] § 502(a)(1)(B) of ERISA authorizes a "participant" or "beneficiary" to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." Additionally, § 502(a)(3) provides the proper mechanism for bringing an equitable relief claim in stating that "[a] civil action may be brought by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) *to obtain other appropriate equitable relief* (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan[.]"[43]

[40] R. Doc. 25, p. 2 (acknowledging the case will proceed under ERISA and reserving all rights to challenge the scope of preemption in any future appeal).

[41] R. Docs. 1, 11, 17. Defendant's argument that the proposed Amended Complaint does not actually provide more specific allegations regarding the ERISA claim does not dissuade the Court from permitting this pro se Plaintiff to amend his complaint for the first time to expressly assert the § 502(a)(1)(B) claim. R. Doc. 28, pp. 7-13.

[42] R. Doc. 28, pp. 13-17.

[43] (emphasis added).

The Court agrees with Defendant that Plaintiff cannot simultaneously assert a claim for benefits owed under §§ 502(a)(1)(B) and 502(a)(3) as currently pleaded and will deny Plaintiff leave to amend insofar as he seeks to assert a claim under § 502(a)(3).

In *Varity Corporation v. Howe*, the Supreme Court discussed the relationship between claims brought under these provisions.[44] The Court described § 502(a)(1)(B) as addressing "wrongful denial of benefits and information," whereas § 502(a)(3) is a "catchall" provision which acts "as a safety net, offering appropriate equitable relief for injuries caused by violations that § 502 does not elsewhere adequately remedy."[45] This distinction was drawn to avoid the concern that a claimant may "repackage his or her 'denial of benefits' claim as a claim for 'breach of fiduciary duty,'" and that "lawyers will complicate ordinary benefit claims by dressing them up in 'fiduciary duty' clothing."[46] In *Varity*, the Supreme Court addressed the possibility that repackaging claims and bringing actions under § 502(a)(3) instead of under § 502(a)(1)(B), would allow a plaintiff to avoid the "arbitrary and capricious" standard of review applicable to denial of benefits claims and instead benefit from the less deferential "rigid level of conduct" standard applicable to fiduciaries.[47] The Court stated the following regarding the interplay between the two provisions: "we should expect that where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'"[48]

---

[44] 516 U.S. 489 (1996).

[45] *Id*. at 512.

[46] *Id.* at 513-14.

[47] *Id.*

[48] *Id*. at 515.

This does not mean that there is a blanket rule prohibiting a plaintiff from pleading claims under §§ 502(a)(1)(B) and 502(a)(3). The critical inquiries are as follows: (1) Has the plaintiff alleged alternative theories of liability or suffered distinct injuries to justify pursuing simultaneous causes of action under both § 502(a)(1)(B) and § 502(a)(3)? (2) Do the monetary damages available for causes of action under Section 502(a)(1)(B) provide "adequate relief" such that the prevailing plaintiff can be made whole and completely remedy her injury or injuries without resorting to equitable relief?[49] "In other words, the proper inquiry is whether the plaintiff's simultaneous ERISA claims are actually duplicative, meaning they seek to remedy the same injury with 'repackaged' causes of action. If they are duplicative, *Varity* requires that the plaintiff must pursue claims only under §502(a)(1)(B). The court must also determine if the plaintiff's injury or injuries are adequately remedied by her Section 502(a)(1)(B) cause of action. If the plaintiff's injury or injuries are adequately remedied by an award of money damages under § 502(a)(1)(B), then he may not also recover equitable relief under § 502(a)(3)."[50]

In the First Cause of Action in his proposed Amended Complaint, Plaintiff seeks benefits due under § 502(a)(1)(B). He alleges that he is entitled to LTD benefits and that Defendant's denial, limitation, or termination of his LTD benefits was contrary to the terms of the Plan. He seeks recovery of all past due benefits, any additional benefits that have accrued or will accrue during his period of continuing disability, and pre- and post-judgment interest.[51]

In the Second Cause of Action, Plaintiff attempts to assert a claim for equitable or other relief under § 502(a)(3). There he claims that Defendant is a fiduciary and owed Plaintiff duties of

---

[49] *R.C. v. Louisiana Health Servs. & Indem. Co.*, No. 23-564, 2024 WL 4009945, at *6 (M.D. La. Aug. 30, 2024), quoting *Christine S. v. Blue Cross Blue Shield of N.M.*, 428 F.Supp.3d 1209, 1226–1227 (D. Utah 2019).

[50] *Id.*

[51] R. Doc. 25-1, p. 6, ¶¶ 33-37.

loyalty, prudence, and adherence to the Plan's terms in administering his LTD claim; that Defendant breached this duty by failing to provide full and fair review of Plaintiff's claim, misapplying any incarceration-related limitation or exclusion beyond the terms of the Plan, failing to reasonably consider the Social Security disability determination and available medical evidence, and failing to respond in a timely and substantive manner to Plaintiff's December 18, 2024 written demand. Plaintiff further contends that he seeks the following equitable relief to the extent necessary to provide complete relief: a declaratory judgment that Defendant misapplied any incarceration-related limitation or exclusion that Plaintiff is entitled to LTD benefits under the Plan; and injunction requiring Defendant to conduct a full and fair review of Plaintiff's claim in compliance with ERISA and the Plain; and an equitable surcharge or other equitable monetary relief to compensate for losses proximately caused by Defendant's fiduciary breaches.[52]

Plaintiff's Second Cause of Action under § 502(a)(3) is exactly the type of attempt to repackage a denial of benefits claim as a breach of fiduciary duty claim courts have cautioned against since *Varity*.[53] Plaintiff does not allege distinct injuries in the § 502(a)(1)(B) and § 502(a)(3) claims. Instead, Plaintiff alleges alternative theories of recovery. Both claims lead to the same conclusion – Plaintiff complains that Defendant improperly denied (or limited or terminated) his claim for LTD benefits. That is a § 502(a)(1)(B) claim. A determination of whether Defendant conducted a proper review of Plaintiff's claim, including application of any incarceration-related limitation or exclusion, will necessarily be required on the § 502(a)(1)(B) claim. Nor does the fact that Plaintiff purports to seek an "equitable surcharge" change this result. While an equitable

---

[52] R. Doc. 25-1, pp. 6-7, ¶¶ 38-41.

[53] *See Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Georgia, Inc.*, 892 F.3d 719, 733 (5th Cir. 2018), citing *Korotynska v. Metro. Life Ins. Co*., 474 F.3d 101, 106 (4th Cir. 2006) (stating that "the great majority of circuit courts have interpreted *Varity* to hold that a claimant whose injury creates a cause of action under § 1132(a)(1)(B) may not proceed with a claim under § 1132(a)(3)").

surcharge is generally considered "traditionally equitable relief,"[54] the label used is not controlling.[55] Plaintiff seeks an equitable surcharge "to compensate for losses proximately caused by Defendant's fiduciary breaches," which would be the equivalent of compensating Plaintiff for the lost LTD benefits.[56] Notwithstanding the characterization as a "surcharge," because Plaintiff has an adequate mechanism for redress under § 502(a)(1)(B), he may not simultaneously plead this claim under § 502(a)(3).[57] Plaintiff's Motion for Leave will be denied to the extent it seeks to assert the claims currently alleged under § 502(a)(3).

## III. Conclusion

As subject matter jurisdiction has been established, Plaintiff's Jurisdiction-First Motion for Determination of Subject-Matter Jurisdiction and Plaintiff's Motion for Limited Jurisdictional Discovery will be denied. Plaintiff's Motion for Leave will be granted in part to the extent Plaintiff seeks to assert an ERISA claim under § 502(a)(1)(B). The Motion for Leave will be denied in all other respects.

Therefore,

**IT IS ORDERED** that Plaintiff's Jurisdiction-First Motion for Determination of Subject-Matter Jurisdiction[58] and Plaintiff's Motion for Limited Jurisdictional Discovery,[59] filed by Plaintiff Kevin Dukes, are **DENIED**. Defendant Sun Life Assurance Company of Canada has adequately established the Court's subject matter jurisdiction over this case as explained in the Court's December 10, 2025 Ruling and Order.

---

[54] *Innova Hosp. San Antonio, Ltd. P'ship*, 892 F.3d at 733, quoting *CIGNA Corp. v. Amara*, 563 U.S. 421, 441 (2011).

[55] *Id.*, quoting *Gearlds v. Entergy Servs., Inc.*, 709 F.3d 448, 452 (5th Cir. 2013).

[56] R. Doc. 25-1, p. 7, ¶ 41(c).

[57] *Innova Hosp. San Antonio, Ltd. P'ship*, 892 F.3d at 733-34.

[58] R. Doc. 29.

[59] R. Doc. 31.

**IT IS ORDERED** that the Plaintiff's Memorandum in Support of Motion for Reconsideration and for Leave to File First Amended Complaint,[60] is **GRANTED IN PART** only to the extent it requests leave to file an amended complaint to specifically assert an ERISA claim under § 502(a)(1)(B). The Motion is **DENIED** in all other respects. The Clerk of Court is directed to docket the First Amended Complaint for ERISA Benefits and Equitable Relief[61] into the record of this matter; however, **only Plaintiff's § 502(a)(1)(B) claim will be considered in this case**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall transmit this Ruling and Order to Plaintiff Kevin Dukes by regular mail and by certified mail, return receipt requested to the address on PACER.

Signed in Baton Rouge, Louisiana, on September 30, 2026.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

[60] R. Doc. 25.

[61] R. Doc. 25-1.